FRANCIS P. TRACEY, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Tracey v. Commissioner
Docket No. 16381-83.
United States Tax Court
T.C. Memo 1984-608; 1984 Tax Ct. Memo LEXIS 71; 49 T.C.M. (CCH) 139; T.C.M. (RIA) 84608; November 20, 1984. Thomas C. Cameron, for the petitioner. Barry J. Laterman, for the respondent. RAUM MEMORANDUM OPINION RAUM, Judge: The Commissioner determined the following deficiencies in income tax and additions to tax: Additions to Tax,
year
Deficiency
Sec. 6653(b), I.R.C. 1954
1975
$6,000
$3,000
1976
9,927
4,963
1977
11,063
5,531
The deficiencies were based solely upon alleged unreported income and adjustments to medical deductions automatically required by increases in the amounts of income. In the petition, the amounts of unreported income as well as the determination of fraud were challenged, and petitioner also raised a statute of limitations issue. The Commissioner's answer set forth in detail the items of unreported income *72 (based upon a net worth computation) and also set forth factual material supporting the determination of fraud for each year. The Commissioner further alleged that petitioner had been convicted in a Federal District Court of violation of sections 7201 and 7206 of the Internal Revenue Code for each of the years involved, and alleged that petitioner was therefore estopped from challenging the additions for fraud under section 6653(b). It was also alleged that the judgments of conviction have been affirmed by the Court of Appeals for the First Circuit. Petitioner's reply admitted all allegations in the Commissioner's answer except as to one component of income charged to petitioner for 1977 in respect of a certain item of capital gain. At the call of the calendar in Boston, Massachusetts, counsel for the Commissioner announced that the Government had conceded the capital gain issue, and quite correctly contended that nothing remained for trial. He filed a Motion For Summary Judgment setting forth the concessions of the capital gain item and relying upon petitioner's admissions in the reply to the Commissioner's answer. Plainly, the judgment of conviction establishes *73 the necessary fraud, which not only supports the additions to tax for fraud under section 6653(b), but also is a complete answer to petitioner's statute of limitations argument. The matter is so well settled that it would be superflous to cite any authority in this connection. Since there remains no issue of fact in dispute between the parties, The Motion For Summary Judgment will be granted and decision will be entered for respondent taking into account the reduced deficiency for 1977 by reason of respondent's concession of the capital gains adjustment for that year.